ACCEPTED
03-13-00336-CV
5018120
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/24/2015 9:35:22 AM
JEFFREY D. KYLE
CLERK

CASE NO. 03-13-00336-CV

IN THE COURT OF APPEALS
THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/24/2015 9:35:22 AM
JEFFREY D. KYLE
Clerk

R.D. TIPS, INC.,
**Appellant**

v.

VIRGINIA JETT,
**Appellee**

Appeal from the 419th District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-11-003799
Hon. Rhonda Hurley, Judge Presiding

MOTION FOR REHEARING

TO THE HONORABLE COURT OF APPEALS:

Appellant, R.D. Tips, Inc., as its Motion For Rehearing pursuant to Texas Rule of Appellate Procedure 49, respectfully states the following:

1.    The Court's opinion allows Appellee Jett to submit materially misleading financial statements to the Texas Department of Insurance, engage in a transaction in which she benefitted financially while she had reason to know that R.D. Tips, Inc. was relying on those financial statements, and escape any

1

consequence for her actions. Instead, if this Court's opinion stands, Ms. Jett will reap a multi-million dollar benefit from her conduct. That result is wrong.

2. R.D. Tips, Inc. alleged below that Jett's claim under the guaranty agreement it signed was barred by fraud, an affirmative defense. Memorandum Opinion at 2-3 (hereafter, "Mem. Op. at ____"). R.D. Tips, Inc. also alleged that Ms. Jett's claim was barred because she committed fraud in a transaction involving corporate stock in violation of section 27.01 of the Texas Business & Commerce Code. *Id.*

3. If a guarantor is induced to execute a guaranty through misrepresentations, the guaranty is invalid. *Sw. Sur. Ins. Co. v. Hico Oil Mill*, 203 S.W. 137, 139 (Tex. Civ. App.—Fort Worth 1918), *aff'd*, 229 S.W. 479 (Tex. Comm'n App. 1921, judgm't adopted) ("It is a general rule that, if one is induced to become a surety or guarantor for another through material misrepresentations of fact, such contract of the surety or guarantor will thereby be rendered invalid and the obligor will be discharged from liability thereon; and this is true even though such misrepresentations are honestly made with no intention to deceive or defraud.").

4. Put differently, if a creditor knows or has reason to believe that a guarantor is being deceived or induced to execute a guaranty "in ignorance of facts materially increasing the risks," and fails to inform the guarantor of those facts

2

despite an opportunity to do so, "good faith and fair dealing demand that he should make such disclosures to him; and, if the creditor accepts the contract of suretyship without doing so, the surety may afterward avoid it." *Goodwin v. Abilene State Bank*, 294 S.W. 883, 886-87 (Tex. Civ. App.—Eastland 1927, writ ref'd).

5.  These principles undercut the result reached in this case. The misrepresentations in North America Life's financial statements materially increased the risk inherent in the merger, of which the guaranty was a part. The matters that were misrepresented led to more than ten million dollars in losses for the post-merger company. *See* Brief for Appellant at 5-10. Jett should not be permitted to benefit from the guaranty despite those misrepresentations. Indeed, under the cases cited above, this is true even if Ms. Jett did not intend to defraud R.D. Tips, Inc. *See supra*, paragraph 3.

6.  In its opinion in the case at hand, the Court focused on whether Ms. Jett intended to induce R.D. Tips, Inc. to enter into the guaranty at the time she filed North America Life's misleading financial statements with the Department of Insurance. Mem. Op. at 8-10. The focus on that temporal aspect of her conduct stemmed from the Court's reading of *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194 (Tex. 2007). That case, however, did not concern fraud as a defense to the liability of a guarantor. It therefore did not address the principles set out above.

3

476068.1
80592.00013

7. The idea that the "reason to expect" standard requires knowledge of a particular party's potential future reliance on a filing at the time it makes the filing makes sense if the filer had no subsequent knowledge of such reliance. For example, the Court relied extensively on *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, which concerned a claim against an audit firm based on an audit of the maker of certain promissory notes. 51 S.W.3d 573, 575 (Tex. 2001). There is no indication in the decision that the auditor, Ernst & Young, had any involvement with the maker subsequent to the audit in question. Accordingly, the only question that could be asked was whether Ernst & Young had a "reason to expect" the buyer of the notes would rely on its audit when it was performed.

8. Here, in contrast, R.D. Tips, Inc. alleges that Ms. Jett had a reason to expect that R.D. Tips, Inc. would rely on North America's financial statements in entering into the merger and executing the guaranty. Even if Jett did not know that R.D. Tips, Inc. would rely on the financial statements when she signed them, this subsequent knowledge should not be of no consequence for Ms. Jett's personal responsibility. To hold otherwise would mean that a party can file misleading financial statements, later learn that someone intends to rely on them in a transaction from which the party will benefit, and remain silent with no consequence.

4

476068.1
80592.00013

9. Nonetheless, the Court determined that "[t]he fact that Jett later became aware that [R.D. Tips, Inc.] was contemplating the merger transaction is of no consequence." Mem. Op. at 11. Particularly in light of the cases cited in paragraphs 3 and 4 hereof, that conclusion should not stand. Texas law should not permit Ms. Jett to take advantage of misleading financial statements that induced R.D. Tips, Inc. to enter into the merger transaction with North America and the guaranty. This particularly should not happen on summary judgment because "[i]ssues of intent and knowledge are not susceptible to being readily controverted and are inappropriate for summary judgment." *Allied Chem. Corp. v. DeHaven*, 752 S.W.2d 155, 158 (Tex. App.—Houston [14th Dist.] 1988, writ denied). Questions about Ms. Jett's knowledge and intent should be submitted to a jury, not dismissed based on her self-serving affidavit.

10. Further, in its opinion, the Court expressed the view that the relevant sort of misrepresentation would have concerned Jett's unwillingness to agree to the merger without the guaranty. Mem. Op. at 6, n. 3. This overlooks the fact that but for the merger there would have been no guaranty.

11. In other words, if R.D. Tips, Inc. had not been induced to enter into the merger, it would not have executed the guaranty. The representation that Jett

5

476068.1
80592.00013

would not approve the merger absent the guaranty is only a part of the picture.[1] It cannot be viewed in isolation as the only inducement for the execution of the guaranty because the guaranty was a part of the overall transaction and the supposed value of North America Life (presumably as reflected in its financial statements) was the economic motive for the transaction.

For the reasons stated, R.D. Tips, Inc. respectfully requests that the Court grant this Motion For Rehearing and reverse the district court's decision.

Respectfully submitted,

Jonathan D. Pauerstein
State Bar No. 15637500
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034
jpauerstein@rpsalaw.com

ATTORNEYS FOR APPELLANT,
R.D. TIPS, INC.

---

[1] R.D. Tips, Inc. recognizes that the Court did not base its decision on this issue, but has addressed it out of a concern that it may have affected the Court's analysis of the case.

476068.1
80592.00013

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this document contains 1,294 words (counting all parts of the document) as determined by MS Word. The body text is in 14 point font, and the footnote text is in 12 point font.

Jonathan D. Pauerstein

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing Motion For Rehearing was served via United States Mail on this 24th day of April, 2015, upon the following counsel of record:

Eric J. Taube
100 Congress Avenue, 18th Floor
Austin, Texas 78701

Jonathan D. Pauerstein

476068.1
80592.00013